UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CRAIG, et al.,<br><br>              Plaintiffs,<br><br>   v.<br><br>FCA US, LLC,<br><br>              Defendant. | No.  1:22-cv-00551-ADA-BAM<br><br>ORDER GRANTING PARTIES' STIPULATION TO ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 68<br><br>(ECF Nos. 29) |

On May 9, 2022, Plaintiffs Robert Craig and Nancy Craig ("Plaintiffs") commenced this action against Defendant FCA US, LLC ("Defendant"), alleging violations of 15 U.S.C. § 2310, the Magnuson-Moss Warranty Act. (*See* ECF No. 1 at 2.) Currently before the Court is the Parties' request for entry of judgment under Federal Rule of Civil Procedure 68 filed on September 13, 2023. (*See* ECF No. 29.) Therein, Plaintiffs assert that they accepted Defendant's offer of judgment pursuant to Rule 68. (ECF No. 29 at 2, 6.) The parties attached the offer of judgment as Exhibit A to their request for entry of judgment. (ECF No. 17 at 4-7.)

**I.  Legal Standard**

According to Rule 68 of the Federal Rules of Civil Procedure,

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the

1

       offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68.  The rule further provides that "[a]n unaccepted offer is considered withdrawn."  Fed. R. Civ. P. 68(b).  "A Rule 68 offer is more consequential than a run-of-the-mill settlement offer: 'If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d); *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187 (9th Cir. 2022).

       Consequently, "a plaintiff who receives a Rule 68 offer is in a difficult position, because a Rule 68 offer has a binding effect when refused as well as when accepted; this results from the Rule's cost-shifting mechanism, which becomes operative upon failure to accept."  *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir. 1988) (internal quotation marks and citation omitted).  Rule 68 can also be a high-stakes proposition for defendants.  *Kubiak*, 32 F.4th at 1187.  "It is widely accepted that '[t]he [Rule 68] offer, once made, is non-negotiable . . . .'"  *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1223 (9th Cir. 2016) (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997)).  In addition, Rule 68 offers of judgment are analyzed in the same manner as any contract, so any ambiguities are construed against the drafter.  *Kubiak*, 32 F.4th at 1187 (quoting *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017)) (internal quotation marks and citation omitted).

       As for attorneys' fees and costs, an award is mandatory when Rule 68 operates.  *Danow v. Law Office of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1341 (S.D. Fla. 2009) (citing *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997).  A plaintiff who accepts an offer of judgment is entitled to "costs then accrued."  Fed. R. Civ. P. 68; *Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994).  In other words, a plaintiff who accepts a Rule 68 offer is entitled to attorney's fees accrued at the time of the offer.  *Holland*, 37 F.3d at 503 (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985)).

**II.  Discussion**

       Here, the Court finds that the parties complied with Rule 68 of the Federal Rules of Civil

Procedure, and the Court directs the Clerk of Court to enter the judgment accordingly. "Rule 68 allows no discretion on the part of the district court. If the plaintiff accepts a Rule 68 offer, 'it is automatically entered by the clerk of court.'" *Beauchamp*, 816 F.3d at 1223 (quoting *Nusom*, 122 F.3d at 834). The jury trial is set for June 25, 2024, so Defendant must have served on Plaintiffs an offer to allow judgment on specified terms, with the costs accrued, no later than June 11, 2024. (*See* ECF No. 23.) Defendant timely served on Plaintiffs the offer to allow judgment on August 17, 2023. (*See* ECF No. 29 at 6-7.) Plaintiffs had to respond within 14 days of being served Defendant's offer of judgment, providing written notice of accepting the offer. *See* Fed. R. Civ. P. 68(a). On August 25, 2023, Plaintiffs timely accepted the offer and provided written notice of the acceptance to Defendant. (*See* ECF No. 29 at 6.) Thereafter, Plaintiffs filed the offer and notice of acceptance, plus proof of service, with the Court on September 13, 2023. (*See id.*) Thus, the Clerk of Court must enter judgment.

### III.   Conclusion

Accordingly,

1. The Parties' request for judgment under Federal Rule of Civil Procedure 68, (ECF No. 29), is granted; and
2. The Clerk of Court is directed to enter the judgment in favor of Plaintiff pursuant to Defendant's offer of judgment under Rule 68, (ECF No. 29), and close the case.

IT IS SO ORDERED.

Dated:   September 18, 2023

UNITED STATES DISTRICT JUDGE